UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTIN MULLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:25 CV 1352 CDP |
| ) | |
| QUIKTRIP CORP., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiffs were seriously injured in a car accident caused by drunk driver Simon Domingo-Teodoro.  Domingo-Teodoro was already drunk[1] and belligerent when he purchased two large cans of Four Loko, an alcoholic malt beverage, from a QuikTrip convenience store in St. Peters, Missouri.  He then sat in his car in the QuikTrip parking lot, drinking his Four Loko and starting fights with other customers.  After a customer called the police, Domingo-Teodoro drove away from the QuikTrip and caused the accident which injured the plaintiffs.

Plaintiffs filed the instant petition in state court, asserting claims of negligence, negligence per se, and loss of consortium against QuikTrip under Missouri law.  QuikTrip timely removed the action to this Court, invoking this

---

[1] Before he stopped at QuikTrip, Domingo-Teodoro had gone to work inebriated, refused a sobriety test, and then drove away.  His employer immediately called the St. Peters police to report that he was driving drunk, but the police failed to locate him prior to the accident.

Court's diversity jurisdiction.  QuikTrip now moves to dismiss the action under Federal Rule of Civil Procedure 12(b)(6), claiming that plaintiffs' claims are exclusively governed and foreclosed by Missouri's Dram Shop Act, Mo. Rev. Stat. 537.053.  ECF 7, 8.  Plaintiffs filed their opposition to dismissal in accordance with the time limitations set forth by the Court's October 1, 2025, Memorandum and Order to Show Cause (ECF 11), and QuikTrip filed a reply brief in support of dismissal.  ECF 18, 19.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion, I assume that the allegations in the complaint are true, and I construe the complaint in plaintiff's favor.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  I am not bound to accept as true, however, a legal conclusion couched as a factual allegation.  *Id.* at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). More than labels and conclusions are required. *Twombly*, 550 U.S. at 555.  A claim has facial plausibility when the plaintiff pleads sufficient factual content that

allows the court to draw the "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Having reviewed the allegations of the petition in light of the relevant standards, QuikTrip's motion to dismiss must be granted. Missouri follows "the common law of England, to prohibit dram shop liability and to follow the common law rule that furnishing alcoholic beverages is not the proximate cause of injuries inflicted by intoxicated persons." Mo. Rev. Stat. § 537.053.1 (2025). However, Missouri's Dram Shop Act provides a limited exception by allowing a cause of action against "any person licensed to sell intoxicating liquor by the drink for consumption on the premises . . . if the seller . . . knowingly served intoxicating liquor to a visibly intoxicated person." *See* Mo. Rev. Stat. § 537.053.2 (2025). Because QuikTrip is not licensed to sell liquor by the drink for consumption on the premises, it argues that the common law rule (that furnishing alcoholic beverages is not the proximate cause of plaintiffs' injuries) applies and bars plaintiffs' claims.

In *Trammell v. Mathis*, the Missouri Court of Appeals affirmed the dismissal of claims against QuikTrip under circumstances similar to the instant case. *See Trammell v. Mathis*, 744 S.W.2d 474 (Mo. Ct. App. 1987). In *Trammell*, a plaintiff brought suit against QuikTrip alleging that it negligently sold liquor to a driver who then caused a motor vehicle accident while intoxicated. *Id*. The trial court dismissed the claim against QuikTrip as barred

3

by the Dram Shop Act. *Id*. at 475. The appellate court affirmed dismissal as "a commercial vendor selling liquor in original package for consumption off the premises is not liable, pursuant to statute or common law, for liabilities inflicted by intoxicated persons." *Id*.

The Missouri Supreme Court later reached the same conclusion in *Snodgrass v. Martin & Bayley, Inc.*, 204 S.W.3d 638 (Mo. 2006). In *Snodgrass*, a minor was killed in a motor vehicle accident after consuming alcohol he purchased from Huck's Convenience Store. *Id.* at 639. The decedent's mother filed suit against Huck's, alleging the store negligently sold liquor to her minor son and retained an employee with a history of selling liquor to minors. *Id*. The trial court dismissed the claims against Huck's as barred by the Dram Shop Act. *Id.* at 639-40. The Missouri Supreme Court affirmed, noting that the plain language of § 537.053 applied and disposed of the plaintiff's claims: "The Act specifically provides that a cause of action exists only against a person licensed to sell intoxicating liquor by the drink for consumption on the premises. No allowance is made for claims against a seller of packaged liquor." *Id.* at 640 (citation modified).

The Dram Shop Act provides the exclusive remedy for third persons whose injuries are caused by the sale of alcoholic beverages to an obviously intoxicated person. *See Auto Owners Mut. Ins. Co. v. Sugar Creek Memorial*

4

*Post No. 3976*, 123 S.W.3d 183, 192 (Mo. Ct. App. 2003).  Because the Dram Shop Act does not permit a cause of action to lie against a convenience store like QuikTrip for the sale of liquor in original packaging for consumption off premises, plaintiffs' negligence and loss of consortium claims arising from QuikTrip's sale of alcohol to Domingo-Teodoro fail under Missouri law.

Plaintiffs attempt to distinguish the foregoing authorities on the ground that QuikTrip permitted Domingo-Teodoro to remain on its premises and consume the alcohol prior to the accident, violating municipal law in the process.  *See* § 600.110 of the Municipal Code for the City of St. Peters, Missouri, which provides that "no person licensed . . . to sell intoxicating liquor at retail in the original package, not to be consumed on the premises where sold, shall allow such original package to be broken or allow any of such intoxicating liquor to be consumed in or upon the premises described in such permit."  They also point to other alleged failures by QuikTrip and its employees, including a failure to monitor its parking lot and call the police to report Domingo-Teodoro's drunken behavior.

Even if true, there is nothing to indicate that QuikTrip's conduct gives rise to liability under Missouri's Dram Shop Act considering the legislature's express intention "to follow the common law rule that furnishing alcoholic beverages is not the proximate cause of injuries inflicted by intoxicated persons" absent the enumerated exception that does not apply here.  *See* Mo. Rev. Stat. § 537.053.1

(2025).  Plaintiffs have pointed to no Missouri cases finding a convenience store liable for injuries under these circumstances.  QuikTrip was not licensed "to sell intoxicating liquor by the drink for consumption on the premises" and, as such, is not liable under Missouri's Dram Shop Act for the injuries caused to plaintiffs by Domingo-Teodoro.  Plaintiffs' claims for injuries arising from QuikTrip's sale of packaged, by-the-drink liquor to the intoxicated Domingo-Teodoro are exclusively governed and foreclosed by Missouri's Dram Shop Act.  *See Leimkuehler v. Myers*, 780 S.W.2d 653, 655 (Mo. Ct. App.1989) (negligence claim brought against package liquor store for sale of alcohol to minor who injured plaintiff barred by common law and the Dram Shop Act); *Snodgrass*, 204 S.W.3d at 640; *Trammell*, 744 S.W.2d at 475.

Finally, plaintiffs seek leave[2] to plead additional facts regarding QuikTrip's alleged failures to train or supervise its employees in the event of dismissal, but these additional allegations would not state a claim against QuikTrip under Missouri's Dram Shop Act or otherwise change the outcome of this case.  Accordingly, leave to amend is denied as futile.  *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (leave to amend may be denied as futile).

---

[2] This request was made in plaintiffs' opposition to the motion to dismiss (ECF 18 at 7), not by separate motion accompanied by a proposed amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [7] is granted, and plaintiffs' complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiffs' request for leave to amend their complaint is denied as futile.

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2025.